**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT GENE WILL, II** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-07-1000** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

Pending before the Court is an Emergency Motion for Relief from Judgment filed by Petitioner Robert Gene Will, II. (Doc. No. 102.) After considering Will's motion, all responses thereto, and the applicable law, the Court determines that the motion must be **DENIED**.

**I.      BACKGROUND**

In 2007, Will filed a federal petition for a writ of habeas corpus. (Doc. No. 1.) Will's federal petition raised three grounds for relief: (1) that Will is actually innocent of capital murder; (2) that trial counsel provided ineffective assistance of counsel ("IAC") by failing to interview exculpatory witnesses; and (3) that the courtroom presence of a number of uniformed police officers created a coercive and intimidating atmosphere, depriving Will of his right to a fair trial. On May 25, 2010, the Court entered a Memorandum and Order denying Will's habeas corpus petition. (Doc. No. 44.)

As to Will's claim of actual innocence, the Court considered actual innocence both as a substantive claim and as a vehicle for reaching Will's procedurally-barred IAC claim.[1] As a substantive claim, the Court held that actual innocence does not provide an independent ground for relief. As a procedural vehicle, the Court concluded that Will's actual innocence claim failed to show a fundamental miscarriage of justice, and, as such, could not overcome the procedural bar to his IAC claim. Though the Court found that Will's IAC claim was procedurally barred, it nonetheless considered that claim in the alternative, and concluded that the claim was substantively flawed as well. Finally, as to the presence of uniformed police officers in the courtroom, the Court concluded that Will failed to demonstrate that the Texas Court of Criminal Appeals was unreasonable in holding that the police presence at trial did not prejudice Will's right to a fair trial. The Court held that it would not issue a certificate of appealability.

Thereafter, Will sought post-judgment relief under Federal Rule of Civil Procedure 59(e). (Doc. Nos. 46, 47.) Will's motion urged three separate claims: (1) that legal developments since the issuance of judgment could overcome the procedural bar to Will's first two claims; (2) that the Court should reopen judgment to issue a certificate of appealability on Will's claims of actual innocence and prejudicial trial atmosphere; and (3) that new evidence required the Court to consider again the integrity of Will's conviction. The Court denied the first and second claims. As to the third, the Court concluded that newly discovered facts could allow reconsideration of Will's arguments, but that there was insufficient information before the Court to make such a determination. On October 19,

---

[1] As the Court discussed in the Memorandum and Order denying Will's habeas petition, the Texas Court of Criminal Appeals applied independent state procedural law to prevent review of Will's IAC claim. (Doc. No. 44 at 11.) Absent special circumstances, that procedural ruling by the Texas Court of Criminal Appeals forecloses federal review.

2011, the Court held an evidentiary hearing to consider whether new evidence—namely, the testimony of Will's former girlfriend, Brenda Venegas, which supported Will's argument that his co-defendant, Michael Rosario, actually committed the murder— provided a sufficient basis to reopen judgment. The Court determined that it did not. (Doc. No. 88.)

After the Court's denial of Will's Rule 59(e) motion, Will obtained new federal habeas counsel and filed the pending Emergency Motion for Relief, which asks the Court to vacate its judgment and prior orders pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 102.) This motion makes two arguments: (1) that Will's state habeas counsel provided inadequate representation; and (2) that Will's previous attorneys, both in state and federal court, failed to advance certain arguments that would inculpate Rosario. Respondent urges that Will's 60(b) motion is, in reality, a successive habeas petition, which the Court has no jurisdiction to consider under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## II.  ANALYSIS

In *Gonzalez v. Crosby*, the Supreme Court considered when a petitioner's motion for relief from judgment should be construed as a 60(b) motion appropriate for consideration, and when it should be viewed as a successive petition outside of the district court's jurisdiction. 545 U.S. 524, 526 (2005). The Supreme Court held that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531–32. The Supreme Court specified

that motions "seek[ing] to add a new ground for relief" or those "attack[ing] the federal court's previous resolution of a claim on the merits" must be treated as successive petitions. *Id.* at 524. In contrast, "'when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' courts should not construe the motion as a second or successive petition." *Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010) (quoting *Gonzalez*, 545 U.S. at 532).

The Fifth Circuit has specified further that "a petitioner does not make a habeas corpus claim 'when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Id.* at 305 (quoting *Gonzalez*, 545 U.S. at 532 n.4). Under *Williams*, then, Will's Rule 60(b) motion can be considered only as a means to challenge the Court's previous ruling on his procedurally-defaulted claims. Will's motion, however, appears to raise new claims as to IAC itself, such as the failure of trial counsel to present inconsistent statements by Rosario to the jury and to examine forensic evidence on Will's jacket. This is logical: if Will did not contest this Court's IAC ruling—which forecloses the one substantive challenge to his conviction—he would be left with only a procedural vehicle, which would be rendered meaningless by the absence of an underlying substantive claim.[2]

---

[2] The two potential procedural vehicles through which Will might wish to seek consideration of his IAC claim are (1) actual innocence, which the Court has already ruled on; and (2) the ineffective assistance of Will's state habeas counsel, which hinges on the Supreme Court's opinion in a case now before it, *Martinez v. Ryan*, 2011 WL 3467246 (U.S. Aug. 4, 2011). Will also suggests that he could overcome the procedural default by returning to state court and asserting claims under *Ex Parte Medina*, --- S.W.3d ---, 2011 WL 4809808 (Tex. Crim. App. Oct. 12, 2011). Will argues that, under *Medina*, a Texas court could find that his state habeas counsel failed to file a cognizable writ application, and, on that basis, could allow him to file a new state habeas petition to exhaust his IAC claim.

In the reply brief, Will does not ask this Court to reconsider the substantive IAC claim, but only to vacate its judgment and orders so that it can retain jurisdiction over the case and stay the proceedings, allowing Will to return to state court and raise claims under *Ex Parte Medina*, --- S.W.3d ---, 2011 WL 4809808 (Tex. Crim. App. Oct. 12, 2011). While this argument differs from that presented in the motion, the result is identical. The procedural posture creates an unfortunate catch-22 for Will: either his motion is not a successive petition, in which case the Court can consider a challenge only to the procedural default holding, or it is a successive petition, which the Court cannot consider at all. Even if the Court were to vacate its orders on the procedural default, the Court would be left with its Final Judgment based on the merits of Will's IAC claim. Thus, Will's motion must be a successive petition if it seeks to reopen judgment in order to stay the case. As the Court has no jurisdiction to consider such a petition under 28 U.S.C. § 2244(b), it must dismiss Will's motion for lack of jurisdiction.

At oral argument, Respondent Nathaniel Quarterman urged the Court to dismiss this motion and grant a certificate of appealability. The Court agrees that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted) (internal quotation marks omitted). Therefore, a certificate of appealability is **GRANTED** as to this Order.

Unfortunately, the Court is powerless to address the merits of the additional claims raised post-judgment, unsettling though they are. Such power is vested exclusively in the Fifth Circuit, which certainly can consider these arguments in a successive petition, or

grant a stay and abeyance to allow Will to return to state court. The Court believes this Order to be compelled by controlling law. Neither this Order nor anything else, however, attenuates the deeply felt concerns expressed in the Court's most recent Memorandum and Order. (Doc. No. 88 at 19–20.) Questions as to Will's possible innocence do remain.

**III.    CONCLUSION**

For the reasons explained above, Will's motion (Doc. No. 102) is **DISMISSED FOR WANT OF JURISDICTION**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 19th day of March, 2012.

**KEITH P. ELLISON**
**U.S. DISTRICT COURT JUDGE**