**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT GENE WILL, II, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | H-07-CV-1000 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case originated as a straightforward habeas corpus petition and has become a procedural imbroglio. That should not, however, obscure the troubling possibility of Petitioner Robert Gene Will's actual innocence.

Previous opinions of the Court cover this case's history in detail,[1] and reference to that history is necessary only as it relates to the discrete task now before the Court.

This Court denied Will's petition for a writ of habeas corpus in 2010.[2] Will subsequently filed an Emergency Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b).[3] After extensive briefing and argument by counsel for the parties, on March 19, 2012, the Court held that the Rule 60(b) motion actually constituted a successive habeas petition, which the Court had no jurisdiction to consider under the Anti-Terrorism and Effective Death Penalty Act

---

[1]   *See* Doc. No. 44 at 2-8, 13-15; Doc. No. 66 at 4-8.

[2]   Doc. No. 44.

[3]   Doc. No. 102. Will had previously moved for reconsideration under Federal Rules of Civil Procedure Rule 59(e). Doc. Nos. 46, 47. After an evidentiary hearing, the Court denied Will's initial post-judgment motions. Doc. No. 88.

("AEDPA").[4]  Finding itself "powerless to address the merits of the additional claims raised post-judgment, unsettling though they are," and remarking that "[q]uestions as to Will's possible innocence do remain," the Court observed that federal law vested "power . . . exclusively in the Fifth Circuit" to act on his post-judgment arguments.[5]

The day after Will filed his notice of appeal, the Supreme Court issued *Martinez v. Ryan*, 566 U.S. 1 (2012).  *Martinez* held that deficient representation by an attorney in a state habeas proceeding could overcome what would normally be a bar to a federal habeas petitioner's attempt to raise issues not raised in the state proceeding.  *Martinez* could certainly have important implications for this case since the conduct of Will's original state habeas counsel appears to have been severely compromised by serious health conditions.

The Fifth Circuit stayed the action and remanded the case for two purposes.  First, this Court must decide the effect of the Supreme Court's decision in *Martinez* on the Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by Petitioner Robert Gene Will.  Second, the Fifth Circuit asked for clarification on whether a Certificate of Appealability ("COA") should issue on Will's claims.[6]

Mindful of the effect *Martinez* may have on Will's Rule 60(b) motion, the Court again invited and received substantial briefing by the parties.  Nonetheless, the Court is forced to circle back to its decision in 2012.  Will's 60(b) Motion is a successive habeas petition which the Court

---

[4]     *See* Doc. No. 144 at 5 (finding that Will's Rule 60(b) Motion was a successive petition); *see also* 28 U.S.C. § 2244(b); *Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005) (finding that a Rule 60(b) motion for relief from judgment qualifies as a second or successive petition if the motion contains new claims or new evidence in support of prior claims).

[5]     Doc. No. 106 at 5-6.

[6]     *Will v. Thaler*, No. 12-70007 (5th Cir. May 18, 2012).

has no jurisdiction to consider under AEDPA. *Martinez* did not affect AEDPA, and *Martinez* did not augment the limited jurisdiction that this Court has to consider habeas petitions.

This technical ruling should not serve, however, to obscure the extraordinarily significant issues that the Court of Appeals – unlike this Court – can properly consider. First, in light of *Martinez*, the Court of Appeals should carefully review the evident misfeasance of Will's state habeas counsel.[7] Secondly, the Court of Appeals should examine Will's argument, which has been part of his habeas petitions from the start, that the presence of numerous uniformed law enforcement officers at his trial created an unconstitutionally coercive environment for the jury. If this Court had heard such an argument on direct appeal, it would almost certainly have granted relief.[8] With the far more limited jurisdiction afforded to a federal court reviewing a habeas petition, this critical issue has been beyond the Court's reach.

The Court, therefore, finds that a COA is warranted on (1) Will's Rule 60(b) motion and (2) the third ground for habeas relief in Will's habeas petition (involving the presence of uniformed police officers). The Court otherwise finds that well-settled law forecloses any relief in this Court.

This Court has repeatedly expressed deep concern for the factually complex insinuations that Will may be innocent of the crime for which he faces a death sentence. The Court is particularly sensitive to the absence of any direct evidence of Will's guilt, and the number of witnesses who aver that another man confessed to the underlying murder. As this Court has previously observed:

---

[7]    While the Court alternatively ruled on the merits of the claims in Will's federal petition (Doc. No. 44 at 26-38.), the abundance of information Will has amassed that trial counsel did not present should have been gathered by a competent, zealous attorney in the first round of state habeas review. The Court observes that Respondent urged this Court to grant a COA on issues arising from Will's Rule 60(b) motion (Doc. No. 106 at 5; Doc. No. 111 at 17), but argued on appeal that a COA on those grounds was invalid.

[8]    *See* Doc. No. 44 at 33-44 (describing the coercive effect of numerous police officers at Will's trial).

> Will has repeatedly and persistently argued that [his co-defendant] Rosario killed Deputy Hill. . . . Will has submitted no less than five witnesses who have stated that Rosario confessed to murdering Deputy Hill. . . . Moreover, as set forth in the Court's Memorandum and Order of May 25, 2010, the presence in the trial courtroom of so many uniformed policemen would have likely justified post-trial relief had the issue arisen on direct appeal rather than in a petition for habeas corpus. (Doc. No. 44 at 33-42.) On top of the considerable evidence supporting Will's innocence and the important errors in the trial court, there must also be addressed the total absence of eyewitness testimony or strongly probative forensic evidence. With facts such as these, and only circumstantial evidence supporting Will's conviction and death sentence, the Court laments the strict limitations placed upon it.
>
> Within the narrow borders of federal review, this Court has allowed liberal exploration of Will's various arguments. The questions raised during post-judgment factual development about Will's actual innocence create disturbing uncertainties that, under federal habeas jurisprudence, the Court is powerless to address.[9]

Recent pleadings have compounded this Court's concern and discomfort, but have not ameliorated the procedural impediments to full review.

The Court very much wishes it could take up all of these issues without the constraints of habeas review. With fewer constraints, the Court of Appeals can perhaps give these issues the time and attention that they merit. Nevertheless, this Court lacks jurisdiction to explore the troubling concerns that plague Will's capital conviction.

In sum, the Court reconfirms the denial of Will's Rule 60(b) motion and clarifies that a COA is warranted on (1) issues arising from his Rule 60(b) motion and (2) the third ground for habeas relief in Will's federal petition.

**IT IS SO ORDERED.**

---

[9]    Doc. No. 88 at 19.

**SIGNED** at Houston, Texas, on this  26th  day of September, 2018.

_____
KEITH P. ELLISON
United States District Judge